GRIFFIN, J., and FRITZ, J. (Memorandum Opinion).
 

 In this action a judgment in the sum of $253.55 was awarded plaintiff by reason of the alleged negligence of the defendant Pacific Telephone & Telegraph Co. in erroneously spelling the name of the plaintiff in its telephone directory. Defendant does not deny the error but contends that by reason of its rule limiting liability for such error and the contract entered into for the service to plaintiff, the judgment should not be greater than $52,15.
 

 Respondent contends that defendant is a common carrier and therefore comes within the provisions of section 2174 of the Civil Code, which provides that “the obligations of a common carrier cannot be limited by general notice on his part, but may be limited by special contract ’ ’. This may be true, although we do not so decide, to a limited extent. In this state there is a total absence of authority on the point but if it be true, defendant is a common carrier only of messages which are entrusted to- it for transmission and delivery. (Sec. 2168, Civ. Code.) It is upon this theory that the decision in
 
 Parks
 
 v.
 
 Alta California Tel. Co.
 
 (no longer authority in this state) rests (see 13 Cal. 422, p. 424 [73 Am. Dec. 589]), but as to the principal business of the defendant—the furnishing of facilities by which one person transmits to an
 
 *Supp. 777
 
 other messages by word of mouth, the great weight of opinion is that defendant is not a common carrier.
 

 “The weight of authority is almost unanimous that telegraph and telephone companies, under the common law, are not common carriers.” (Jones, Telegraph and Telephone Companies, 2d ed., pp. 24, 25, and numerous cases there cited.)
 

 The appellant is governed by and is required under the Public Utilities Act (1937 Deering’s Gen. Laws, Act 6386, par. 14) to file schedule of “rates, tolls x x x charges” etc. “to be collected or enforced, together with all rules, regulations, contracts, charges” etc., “which in any manner affect or relate to rates, tolls, x x x or service”. Concededly appellant complied with this requirement and among others was Rule and Regulation No. 14:
 

 “The company is liable for errors or omissions in the listings of its subscribers in the telephone directory in an amount not in excess of the charge for that exchange service during the effective life of the directory in which the error or omission is made.”
 

 The plaintiff made his application for service, which was accepted by the company on a printed form furnished by the company. The application contained the following language: “The Pacific Telephone & Telegraph Co. is requested to furnish the applicant, in accordance with its rates, rules and regulations on file with the Railroad Commission of the State of California, telephone service and facilities as detailed herein”, etc.
 

 The rule No. 14, hereinabove stated, was on file and in effect at the time of the application.
 

 We are of the opinion that the service contracted for by respondent does not come within the provisions of section 2174 of the Civil Code,
 
 supra.
 
 It is true that a telephone directory is “an essential instrumentality in connection with the peculiar service which a telephone company offers for the public service and convenience”
 
 (California etc. Storage Co.
 
 v.
 
 Brundige,
 
 199 Cal. 185, 188 [248 Pac. 669, 47 A. L. R. 811]), but it is likewise true that the preparation and delivery of such directory is in no way related to the business of transmitting and delivering messages entrusted to its care but is an established convenience and service for those of the public who use the facilities furnished for the transmission by
 
 *Supp. 778
 
 ■themselves of their' own messages. As to these the company is not a common carrier, is charged in the preparation of its directory with the exercise of ordinary care and is liable as a public service corporation for the breach of its contract to include its subscriber’s name therein.
 

 The rates charged for such service are governed and fixed by the Public Utilities Act,
 
 supra.
 
 They cannot be varied or departed from and are in part dependent upon appellant’s rule of limitation of liability. When such service is contracted for, the rate so fixed by law represents "the whole duty and the whole liability of appellant”
 
 (Western Union Tel. Co.
 
 v.
 
 Esteve Bros. & Co.,
 
 256 U. S. 566, 572 [41 Sup. Ct. 584, 65 L. Ed. 1094]) and “becomes a part of the contract, and the rights and liabilities under the contract must be determined with reference to the law in effect”.
 
 (Correll
 
 v.
 
 Ohio Bell Tel. Co.,
 
 (Ohio) [27 N. E. (2d) 173], Oct. 10, 1939.)
 

 In our opinion appellant’s rule fourteen (14) aforesaid became a part of respondent’s contract both by reference and by operation of law and, in the absence of any showing that such rule was unreasonable, was binding upon respondent.
 

 In view of this determination, it is unnecessary to consider other points presented by appellant.
 

 The judgment is reversed with directions to the trial court to enter judgment for plaintiff against defendant in the sum of $52.15, appellant to recover its costs.