[Civ. No. 12904. Second Dist., Div. Two. Aug. 19, 1941.]

PACIFIC BRICK COMPANY (a Corporation), Respondent, v. SOUTHERN CALIFORNIA EDISON COMPANY, LTD. (a Corporation), Appellant.

Roy V. Reppy and E. W. Cunningham for Appellant.

J. Howard Edgerton, Bundy Colwell and Massey, Edgerton & Colwell for Respondent.

SCOTT, J., *pro tem.*—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for negligence, defendant appeals.

For some time prior to November 15, 1938, defendant was furnishing electricity to plaintiff at the latter's brick plant by means of wires supported on a line of poles running across plaintiff's property. These wires of defendant were attached to plaintiff's wires approximately three feet outside of plaintiff's switch-house. The switch-house and electrical equipment therein belonged to plaintiff.

The trial court found that on November 15, 1938, plaintiff notified and directed defendant to disconnect its power line and cease furnishing electricity to the plant. Defendant failed to follow this instruction and continued furnishing electricity on this line. On December 15, 1938, during a heavy rain storm, water penetrated plaintiff's switch-house by running down the main conduit into the room. The water reached the coil box, causing a short circuit and a fire which damaged the switch-house and equipment.

It appears that in the application which plaintiff made to defendant for electrical power there was a provision that the service should be "in accordance with the rates, rules, and regulations of the" defendant. At such time one of the defendant's rules and regulations on file with the Railroad Commission of the State of California read as follows: "RULE AND REGULATION No. 26. Consumer Responsible for Equipment For Receiving Electric Energy. The consumer shall at his own risk and expense, furnish, install and keep in good and safe condition all electrical wires, lines, machinery, and apparatus, which may be required for receiving

electric energy from the Company, and for applying and utilizing such energy, including all necessary protective appliances and suitable. buildings therefor, and the Company shall not be responsible for any loss or damage occasioned or caused by the negligence, want of proper care or wrongful act of the consumer or of any of his agents, employees or licensees on the part of consumer in installing, maintaining, using, operating or interfering with any such wires, lines, machinery or apparatus.''

We may assume that this rule just stated became a part of the contract between plaintiff and defendant.

■ This rule and regulation however had no force and effect beyond the life of the contract between the parties. After the plaintiff had ordered the power disconnected and a reasonable time had elapsed to enable the defendant to carry out the order the contractual relationship between them terminated. ■ The plaintiff had a right to assume that the defendant would disconnect the power and was under no obligation to maintain a switch-house and equipment suitable to safely receive and utilize electricity which it had not ordered but had expressly told defendant to shut off.

■ Defendant was without right or authority to continue the flow of electricity into plaintiff's switch-house and equipment beyond the brief period needed to disconnect it, and when it continued this unauthorized flow of power during the storm of December 15, 1938, with resulting short circuit and fire, it was negligent and was responsible for the damages proximately caused by such negilgence.

The judgment is affirmed.

Wood, Acting P. J., concurred.

Mr. Presiding Justice Moore ·deeming himself disqualified takes no part in the consideration or decision of this case.

McCOMB, J., Dissenting.—I dissent.

From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for negligence, defendant appeals.

Viewing the evidence most favorably to plaintiff (respondent), the essential facts are:

December 15, 1938, defendant was furnishing electricity to plaintiff, which engaged in the business of manufacturing

bricks. Defendant delivered electricity to plaintiff by means of wires supported on a line of poles running across plaintiff's property. These wires of defendant were attached to plaintiff's wires approximately three feet outside of plaintiff's switch-house, which belonged to plaintiff together with all of the electrical equipment contained therein. On December 15, 1938, the switch-room, not being water-tight, allowed water during a heavy rain storm to penetrate into the switch-room by running down the main conduit into the room, where the rain water reached the coil box, causing a short circuit and a resultant fire, which damaged the switch-house and equipment therein.

It may also be conceded that prior to the time of the fire plaintiff by telephone had requested defendant to discontinue the power service.

This is the sole question necessary for our determination: *Was plaintiff contributorily negligent?*

This question must be answered in the affirmative. In the application which plaintiff made to defendant for electric power there was a provision that the service should be "in accordance with the rates, rules, and regulations of the" defendant. At such time one of defendant's rules and regulations on file with the Railroad Commission of the State of California read as follows:

"RULE AND REGULATION
No. 26.
"Consumer Responsible for Equipment
For Receiving Electric Energy

The rule just stated became a part of the contract between plaintiff and defendant. (*Riaboff* v. *Pacific Tel. & Tel. Co.*, 39 Cal. App. (2d) (Supp.) 775, 778 [102 Pac. (2d) 465].)

From the foregoing it appears that plaintiff agreed by its contract with defendant, at its own risk and expense, to keep in a good and safe condition all electrical apparatus in its plant including suitable buildings therefor. Since plaintiff in its brief concedes that the switch-room was not watertight and admitted water during a rain storm, which was one of the causes of the fire resulting in damage to plaintiff's switch-house and equipment, plaintiff was contributorily negligent and may not recover damages from defendant.

For the foregoing reasons the judgment in my opinion should be reversed.

A petition for a rehearing was denied September 12, 1941. McComb, J., voted for a rehearing. Appellant's petition for a hearing by the Supreme Court was denied October 14, 1941. Traynor, J., voted for a hearing.