[Civ. No. 18933.   Second Dist., Div. Two.   July 25, 1952.]

JAMES E. COLE, Appellant, v. PACIFIC TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Respondent.

Kenny & Morris and Eleanor V. Jackson for Appellant.

Lawler, Felix & Hall, Leslie C. Tupper and L. B. Conant for Respondent.

MOORE, P. J.—In January, 1950, appellant contracted with respondent for the latter to insert certain advertising script in its Los Angeles Classified Telephone Directory. The contract contemplated a 1-inch advertisement under the title "Detective Agencies" and appellant's name listed in bold-

face type. The listing and the advertisement were to commence with the next succeeding issue of respondent's directory scheduled for distribution in September, 1950. After the utility failed to include either appellant's name in the listings or his 1-inch advertisement in its directory, he commenced this action for $25,500 as damages allegedly suffered by reason of the breach of contract.

The answer denied any damages resulted from the omission of appellant's material and pleaded affirmatively that pursuant to its rules and regulations on file with the Public Utilities Commission, liability for omissions from the listings of subscribers in its directories is limited to the amount of the charge therefor, that by virtue of the fact that appellant had paid nothing on account of the contract, appellant is not entitled to recover any damages for the alleged omission.

When the action was called for trial, respondent, in anticipation of its affirmative defense objected to any evidence. Such objection having been sustained and judgment of dismissal having been entered, the sole question for decision is whether the facts pleaded by respondent constitute a complete defense to the demands of appellant.

As a public utility corporation, respondent is required under the Public Utilities Act (2 Deering's Gen. Laws, Act 6386, § 14*) to file with the Public Utilities Commission a complete schedule of "rates, tolls, rentals, charges . . . to be collected or enforced, together with all rules, regulations, contracts . . . which in any manner affect or limit the rates, tolls . . . or service. . . ." Pursuant to that requirement, respondent had on file the form of contract involved herein and also the rules and regulations relating to its liability for errors in the compilation of its directories. The contract specifically recited, "In case of error or omission of the advertisement by the company, the extent of the company's liability shall be limited to a pro rata abatement of the charge paid to the company as the error or omission may affect the entire advertisement." Such provision is substantially the same as the company regulation duly filed with the commission.

When such rule is of record with the Public Utilities Commission, its provisions, if reasonable, are binding upon the parties to the contract and will operate to limit the telephone

---

*Now Public Utilities Code, section 489.

company's liability as therein set forth. (*Riaboff* v. *Pacific Tel. & Tel. Co.*, 39 Cal.App.2d Supp. 775, 778 [102 P.2d 465].) The facts in the Riaboff case are almost identical with those involved in the case at bar. There the subscriber sought to recover damages for the telephone company's error in misspelling his name with the result that it did not appear in the proper place in the directory. In reversing judgment for the plaintiff the court stated, "The rates charged for such service are governed and fixed by the Public Utilities Act. They cannot be varied or departed from and are in part dependent upon appellant's rule of limitation of liability. When such service is contracted for, the rate so fixed by law represents 'The whole duty and the whole liability of appellant' (*Western Union Tel. Co.* v. *Esteve Bros. & Co.*, 256 U.S. 566, 572 [41 S.Ct. 584, 65 L.Ed. 1094]) and 'becomes a part of the contract, and the rights and liabilities under the contract must be determined with reference to the law in effect.''

In *Correll* v. *Ohio Bell Tel. Co.*, 63 OhioApp. 491 [27 N.E.2d 173], cited in the Riaboff decision, the public utility was held to be limited in its liability to a subscriber whose name was omitted from a directory. There a general exchange tariff, a regulation similar to that of respondent's, had been duly filed with the Public Utilities Commission. It exempted the telephone company from liability for damage claimed on account of errors in omissions from its directories. The theory upon which the utility's liabilities are regulated and limited by statute is declared to be that "since it renders a service affecting the public, the state shall regulate and control it in order to prevent injustice, and, further, in consideration of such regulation and control its liability is and should be defined and limited. . . . In a sense it is a matter of contract on the one hand by the utility and on the other by the state representing all its citizens."

The Western Union case cited in support of the Riaboff decision sustained a similar limitation on the liability of the telegraph company for errors in the transmission of a message from Barcelona to New Orleans. The rule providing for such limitation had been filed with the Interstate Commerce Commission. In deriving its conclusion, the Supreme Court in the language of Mr. Justce Brandeis declared, "The limitation of liability was an inherent part of the rate. The company could no more depart from it than it could depart from the amount charged for the service

rendered. . . . Uniformity demanded that the rate represent the whole duty and the whole liability of the company. It could not be varied by agreement. . . . 'If the charges filed were unreasonable, the only attack that could be made upon such regulation [limiting liability] would be by proceedings contesting the reasonableness before the Interstate Commerce Commission.' "

Appellant attempts to distinguish the authorities relied upon by respondent in that they arose out of losses sustained by virtue of errors in the transmission of messages. That was not the basis for the decision of the Supreme Judicial Court of Massachusetts in *Wilkinson* v. *New England Tel. & Tel. Co.*, —— Mass. —— [97 N.E.2d 413]. That utility had filed with the department of public utilities a rate schedule and regulations. Thereafter, the plaintiff, a hair dresser, caused a telephone to be installed in her shop and paid all bills. Because her telephone gave only desultory service she sued the company for loss of patronage. The court held that (1) the regulation providing for a "pro rata adjustment of charge" in the event of complete failure of local exchange service for more than 24 hours was an integral part of the relationship which the plaintiff entered into with the defendant and was not unreasonable; (2) the obligations of defendant are limited by that regulation if it is reasonable; (3) there is nothing to prevent parties from prescribing reasonable rules for the management of the business so long as such rules are made known to their patrons; (4) those rules will operate to abridge the general liability of the public utility at common law.

The theory underlying these decisions is that a public utility, being strictly regulated in all operations with considerable curtailment of its rights and privileges, shall likewise be regulated and limited as to its liabilities. In consideration of its being peculiarly the subject of state control, "its liability is and should be defined and limited." (*Correll* v. *Ohio Bell Tel. Co., supra.*) There is nothing harsh or inequitable in upholding such a limitation of liability when it is thus considered that the rates as fixed by the commission are established with the rule of limitation in mind. Reasonable rates are in part dependent upon such a rule.

Although appellant zealously urges that such provision seeking to limit the company's liability for its own negligence is void because contrary to public policy, he cites no au-

thority where consideration is given the problem with regard to tariff regulations on file with the Public Utilities Commission. Cases such as *Union Construction Co.* v. *Western Union Tel. Co.*, 163 Cal. 298 [125 P. 242], and *Hiroshima* v. *Bank of Italy*, 78 Cal.App. 362 [248 P. 947], are therefore not pertinent.

Appellant contends that he has been forestalled of an opportunity to question the reasonableness of respondent's rule limiting liability. Such questions of reasonableness should first be directed to the Public Utilities Commission which by section 35 of the Public Utilities Act is vested with jurisdiction to make such determination. (See *Carpenter* v. *Los Angeles Gas & Elec. Corp.*, 41 Cal.App.2d 369, 373-374 [106 P.2d 916].) If after complaint to the commission, a party is still dissatisfied, he is free to invoke the appropriate extraordinary remedy.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.