[Civ. No. 37120. Second Dist., Div. One. Mar. 31, 1971.]

E. JAN DAVIDIAN, Plaintiff and Appellant, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Defendant and Respondent.

## COUNSEL

Thomas K. Haney for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Francis N. Marshall and Gary H. Anderson for Defendant and Respondent.

## OPINION

**WOOD, P. J.**—This is an action by plaintiff dentist for damages for alleged negligence by defendant telephone company in omitting plaintiff's name (and other information) from the "Yellow Pages" of the San Luis Obispo telephone directory, published in 1969. Plaintiff appeals from a judgment of dismissal entered after defendant's demurrer to his complaint was sustained without leave to amend.

Appellant contends that a tariff rule filed by defendant company with the Public Utilities Commission (referred to as Rule 17(B), Cal. P.U.C. No. 36-T), which was in effect when plaintiff contracted with defendant for the "listing" of plaintiff's name (and other information) in the directory, did not limit the liability of defendant for damages for the alleged negligence.

The complaint alleged in substance: Defendant prints telephone directories which include a subscriber's name, occupation, specialty, address, and telephone number; and the directories are "disseminated" to the general public. In August 1969 plaintiff and defendant entered into an oral contract whereby defendant agreed to publish, in the "Yellow Pages" of a directory, the following information: plaintiff's name, under a column entitled, "Dentists"; information that plaintiff's practice was limited to orthodontics; and information that plaintiff's office was located at 1495 Palm Street, in San Luis Obispo.

It was alleged further therein: Plaintiff agreed to pay the rate "called for" by defendant, and plaintiff has performed every act required of him under the contract. In November 1969 defendant printed and distributed the directory, and negligently failed to include therein the aforementioned information regarding plaintiff. As a proximate result of said negligence, plaintiff lost customers and clients who otherwise would have contacted him for professional services by utilizing the yellow pages of the directory; plaintiff has no other means of advertising that he is a dentist in the practice of orthodontics in San Luis Obispo; and his loss "in this regard" to the date of the complaint is $13,200. As a further proximate result of said negligence of defendant, plaintiff will sustain future loss of clients and business, and will lose an accumulation of clients which would have resulted from referrals from the clients who would have come to him through the advertisement in the yellow pages; and he will sustain damage in this regard in the amount of $50,000. Prior to the preparation of the directory, defendant could reasonably foresee that plaintiff would sustain damages as above alleged. (The prayer is for $63,200.)

Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action in that the allegations, when read with matters of judicial notice, failed to state a cause of action within the tariff limitation of liability rule that is part of every contract for telephone directory listing as a matter of law. The court sustained the demurrer without leave to amend, and entered judgment dismissing the complaint.

■ Appellant contends that the tariff rule did not limit the alleged liability of defendant.

The tariff rule (Rule 17(B) of Schedule Cal. P.U.C. No. 36-T) was submitted to the trial court, and it appears that the court judicially noticed it. (In his brief, appellant states that he "concedes" that said Rule 17(B) was in effect when the contract was entered into and that its provisions were part of the contract.) Said Rule 17 provides, in part, as follows:

"17.  TELEPHONE DIRECTORIES, LISTINGS AND NUMBERS

".      .      .      .      .      .      .      .      .      .      .      .      .      .      .      .      .

"(B)    Credit Allowance for Errors or Omissions in Directories

"The Company shall allow credit for errors or omissions in listings of of its subscribers in the alphabetical and classified telephone directories in accordance with the following:

"1.  Listing furnished without additional charge; In amount not in excess of the charge for the exchange service (excluding the charges for messages in excess of those included in the minimum monthly rate) during the effective life of the directory in which the error or omission is made.

"2.  Listing furnished at additional charge in the alphabetical telephone directory: In amount not in excess of the charge for that listing during the effective life of the directory in which the error or omission is made.

"3.  Listing furnished at additional charge in the classified telephone directory: In accordance with the provisions of Schedule Cal. P.U.C. No. 39-T, Classified Telephone Directory Advertising—Northern California and Schedule Cal. P.U.C. No. 40-T, Classified Telephone Directory Advertising—Southern California, as follows:

"In case of the omission of a part of or other error in an advertisement, the extent of the Company's credit allowance shall be a pro rata abatement of the charge in such a degree as the error or omission shall affect the entire advertisement which may amount to abatement of the entire charge and in case of the omission of an entire advertisement, the extent of the Company's credit allowance shall be an abatement of the entire charge."

Section 761 of the Public Utilities Code provides that the Public Utilities Commission shall prescribe rules for the performance of any service or the furnishing of any commodity of the character furnished by any public utility, and, on proper demand and tender of rates, such public utility shall furnish such commodity or render such service within the time and upon the conditions provided in such rules.

It appears that in approving tariff rules with reference to limitation of liability of a telephone company, the commission has considered such limitation of liability in conjunction with the rates for service fixed by

the commission. As said in *Cole* v. *Pacific Tel. & Tel. Co.*, 112 Cal.App.2d 416, 419 [246 P.2d 686], wherein a judgment of dismissal of plaintiff-subscriber's action for damages for alleged negligence by defendant-telephone-company in failing to include plaintiff's advertisement in a directory was affirmed: "The theory underlying these decisions is that a public utility, being strictly regulated in all operations with considerable curtailment of its rights and privileges, shall likewise be regulated and limited as to its liabilities. In consideration of its being peculiarly the subject of state control, 'its liability is and should be defined and limited.' [Citation.] There is nothing harsh or inequitable in upholding such a limitation of liability when it is thus considered that the rates as fixed by the commission are established with the rule of limitation in mind. Reasonable rates are in part dependent upon such a rule."[1]

Appellant states that in November 1965, the commission made a decision (referred to as Decision No. 69942, *Ross* v. *Pacific Tel. & Tel. Co.*, 65 Cal. P.U.C. 103) which ordered the respondent telephone company to delete from its directory a statement relating to liability of respondent, and ordered changes in the provisions of "Rule 17(B)." Appellant argues that by reason thereof, Rule 17(B) as presently constituted (rule hereinabove quoted) does not contain a disclaimer of liability for "damages," and it is not the exclusive remedy for a subscriber who is damaged as the result of negligent omissions from a directory.

The statement which respondent included in its directories prior to November 1965, and which was deleted after said Decision No. 69942, was as follows: "The Company assumes no liability for damages arising from errors or omissions in the making up or printing of its directories." (Appellant states in his brief that it is conceded that if such "wording" had been in respondent's directory at the time [1969] of the contract in the instant case, then "appellant would not have a cause of action.")

The change (as ordered by Decision No. 69942 in 1965) in the provisions of Rule 17(B) was in substance that the words "credit allowance" were substituted in said provisions instead of the word "liability."

---

[1]In a decision of the commission (No. 66406 [1963], 61 Cal. P.U.C. 760, 767) it was said: "Charges for service are in part dependent upon defendant's [company's] rules and regulations limiting liability for errors and omissions in its directories. The rule has enabled defendant to provide its service to the public at lesser cost than would be the case if the rule permitted greater liability for errors and omissions." It was also said (pp. 767-768) that the rule had been in effect for 37 years, and it had been found reasonable in other cases; that similar rules have been filed by 45 telephone companies which operate in California; and that similar or more restrictive rules have been made applicable through filings by every Bell Telephone Company throughout the United States.

Appellant argues that by reason of such deletion from respondent's directory and such change in the provisions of Rule 17(B), there is no specific disclaimer of liability for damages for negligent omissions by respondent; and that if respondent expected to limit such liability, it should have been required to "specify such limitation with clarity."

In said Decision No. 69942 (65 Cal. P.U.C. 103) cited by appellant herein, the issue was whether Rule 17(B) was reasonable (p. 105), and the commission found (p. 123) that the methods of Pacific in settling claims for damages resulting from directory errors and omissions essentially constitute "credit allowance" procedures; that Rule 17(B) should be modified to reflect the actual practice of Pacific in settling such claims; and that the record fails to establish that there should be any change in Rule 17(B) "except as provided herein." The commission ordered (p. 124) that Pacific's contracts and tariffs "be revised to substitute the term 'credit allowance' for 'liability.'" Said decision did not change the measure of Pacific's liability under Rule 17(B) (amount not in excess of charge for exchange service; abatement of charge for advertising—Rule 17(B) quoted hereinabove).

With reference to Pacific's practice (prior to 1965) of including in its directories the statement, "The Company assumes no liability for damages arising from errors or omissions in the making up or printing," the commission in Decision No. 69942 found (65 Cal. P.U.C., at p. 123) that the statement "is misleading and tends to discourage the filing of just claims for reparation arising from directory and information record errors or omissions"; and it was ordered (p. 125) that Pacific omit such statement from its directories printed subsequent to the date of the order (November 9, 1965), and insert in all directories printed thereafter the following statement:

## "NOTICE TO SUBSCRIBERS

"If an error or omission has been made by The Pacific Telephone and Telegraph Company in connection with your listing in this Directory (whether or not you have paid an additional charge for such listing) you may be eligible to receive a credit allowance per the following rules and regulation. If you have any questions please contact the nearest 'Pacific Telephone' business office. If you thereafter believe you need further information contact the California Public Utilities Commission in San Francisco or Los Angeles.

"(Quote Rules 17(B) and 17(C) in front of alphabetical section.)

"(Quote Rule 17(B) in front of Classified section.)"

Thus, the ordered substitution with reference to the deleted statement did not change the measure of liability of Pacific with reference to directory errors or omissions—it required substitution of a statement which indicated more specifically to the subscriber that he might be eligible for a credit allowance in accordance with the provisions of Rule 17(B).

On June 30, 1970, the commission filed Decision No. 77406 in a case which apparently commenced in February 1967 by investigation, upon the commission's motion, of rates and tariff provisions limiting liability of telephone companies. (The decision has not been reported officially. Respondent has submitted a copy of the decision to this court and has requested that the court take judicial notice of it pursuant to section 459 of the Evidence Code. See *Pratt* v. *Coast Trucking, Inc.,* 228 Cal.App.2d 139, 143 [39 Cal.Rptr. 332].)

In said Decision No. 77406, wherein issues were raised with reference to tariff rules limiting liability of telephone companies, the commission said (p. 4, ditto copy) that the courts have consistently held[2] that such rules are constitutional and legal when applied to situations involving "negligence," and that over a period of years the commission has authorized limitation of liability rules which are coextensive with the constitutionally and legally permissible limits. With reference to the "credit allowance provisions of the limitation of liability rules," the commission said (p. 15, ditto copy): "These provisions apply to situations involving ordinary negligence and will remain unchanged." Some of the findings of the commission (pp. 17-22, ditto copy) were that the commission in previous decisions had found the limitation of liability rules of "PT&T and General Telephone Company" to be reasonable; that the present limitation of liability rules of respondents (companies) apply to situations involving negligence; that an effect of such rules has been to enable telephone companies to provide service to the public at lesser cost than if the rules permitted greater liability for errors and omissions; that there is a high standard of accuracy in telephone directories (the commission found that in 1967, in California, "out of 6,761,599 listings in PT&T's directories only 895 listings (0.013%) were omitted," and that "There were in total 9,876 directory errors of all kinds from all causes, or an overall reliability of 99.85%"); that abrogation of the companies' limitation of liability rules with respect to errors or omissions involving ordinary negligence would have little if any impact in improving

[2]Cases cited by the commission included *Cole* v. *Pacific Tel. & Tel. Co., supra,* 112 Cal.App.2d 416, and *Riaboff* v. *Pacific Tel. & Tel. Co.,* 39 Cal.App.2d Supp. 775 [102 P.2d 465].

the services of the companies; and that the rules with respect to errors involving ordinary negligence are reasonable.[3]

In the present case, the court did not err in sustaining the demurrer to the complaint without leave to amend.

The judgment of dismissal is affirmed.

Lillie, J., and Thompson, J., concurred.

---

[3]In the present case, appellant has not contended that the tariff rules limiting liability are unreasonable. In *Cole* v. *Pacific Tel. & Tel. Co., supra,* 112 Cal.App.2d at page 420, wherein appellant contended that he has been "forestalled of an opportunity to question the reasonableness of respondent's rule limiting liability," the court said: "Such questions of reasonableness should first be directed to the Public Utilities Commission which by section 35 of the Public Utilities Act is vested with jurisdiction to make such determination. [Citation.] If after complaint to the commission, a party is still dissatisfied, he is free to invoke the appropriate extraordinary remedy."