[Civ. No. 29182. First Dist., Div. Four. Oct. 15, 1971.]

ROLAND K. HALL, Plaintiff and Appellant, v.
PACIFIC TELEPHONE & TELEGRAPH COMPANY,
Defendant and Respondent.

## Counsel

Roland K. Hall, in pro. per., for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Francis N. Marshall and Gary H. Anderson for Defendant and Respondent.

## Opinion

**THE COURT.**—Appellant Roland K. Hall seeks damages from respondent Pacific Telephone Company because of alleged negligence and breach of contract in deleting appellant's professional listing in the classified telephone directory. The appeal is from a judgment of dismissal after a general demurrer was sustained without leave to amend.

Because the case was disposed of on demurrer, it must be taken as true, as the complaint alleges, that respondent improperly deleted appellant's professional listing from the yellow pages of the telephone directory.

Appellant contends that limitation of a telephone company's liability, by tariff, is unlawful. He concedes, however, that the issue has been resolved to the contrary by an earlier decision by a Court of Appeal. (*Cole v. Pacific Tel. & Tel. Co.* (1952) 112 Cal.App.2d 416, 419 [246 P.2d 686].) He requests that we overrule *Cole;* the Supreme Court having denied a hearing in that case (*id.* at p. 420), we are not inclined to comply with the request. Moreover, in *Davidian v. Pacific Tel. & Tel. Co.* (1971) 16 Cal.App.3d 750 [94 Cal.Rptr. 337], another appellate court has recently held contrary to appellant's contention. Another very recent decision, *Product Research Associates v. Pacific Tel. & Tel. Co.* (1971) 16 Cal. App.3d 651 [94 Cal.Rptr. 216] (pet. hg. den.) is in principle inconsistent with the *Cole* and *Davidian* holdings. But *Product Research* did involve a

failure to provide service rather than, as in our case and *Davidian,* an erroneous deletion from a classified directory. We prefer to avoid creating a direct conflict in decisions where erroneous deletions from the directory are involved.

The judgment is affirmed.