No. 91-304

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FILED

NOV -5 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

DARWIN TITECA,

      Plaintiff and Appellant,

-vs-

RAVALLI COUNTY ELECTRIC CO-OPERATIVE, INC. and FEDERATED RURAL ELECTRIC INSURANCE CORPORATION,

      Defendants and Respondents.

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert B. Brown, Attorney at Law, Stevensville, Montana.

      For Respondent:

          Joe Seifert; Gough, Shanahan, Johnson & Waterman, Helena, Montana.

---

      Submitted on briefs:  September 19, 1991

              Decided:  November 5, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Darwin Titeca (Titeca) brought a negligence action against Ravalli County Electric Co-operative, Inc. (Ravalli Electric) in Justice Court. Titeca prevailed in justice court, and Ravalli Electric appealed this ruling to the Fourth Judicial District Court, Ravalli County. In that trial de novo, a jury found Ravalli Electric was not negligent. From this judgment Titeca appeals. We affirm.

The issues raised by Titeca are restated as follows:

1. Was it error for the District Court to prohibit the plaintiff from referring to the prior trial in justice court?

2. Did the District Court commit reversible error by refusing Titeca's proposed jury instruction?

Titeca's cow was electrocuted by a live wire inside an irrigation pump house. Ravalli Electric supplied electricity to the pump house located on 72 acres of pasture land leased by Titeca.

Two separate transformers supplied electricity to the pumphouse. The first transformer supplied electricity to the pump and motor, while the second transformer supplied electricity to a disconnect panel. In the early 1980's, Jay Knab (Knab), the prior owner, failed to pay his electric bill and Ravalli Electric disconnected the transformer supplying energy to the pump and the motor. Ravalli Electric did not disconnect the second transformer until after Titeca's cow was electrocuted by the wire.

Parties presented evidence that after Ravalli Electric

2

disconnected the first transformer, Knab removed the pump, the motor and the disconnect panel from the pump house. Remaining wires that previously supplied the disconnect panel with electricity were still energized. Testimony indicated Titeca's cow was electrocuted by an energized wire left detached after Knab removed the disconnect panel from the pump house.

I

Was it error for the District Court to prohibit the plaintiff from referring to the prior trial in justice court?

Titeca contends that by prohibiting him from referring to the trial in justice court, the District Court impaired the interaction between himself and his witnesses. Further Titeca argues that referring to the prior testimony as "prior sworn statements" could have undermined the importance of these statements to the jury.

Ravalli Electric contends the prior trial had no probative value in the District Court proceeding. It states that under § 25-33-301(1), MCA, an appeal from justice court must be tried anew in district court; therefore, the trial court did not abuse its discretion by prohibiting Titeca from referring to the prior trial.

The admissibility of evidence is left to the discretion of the trial court. In Zugg v. Ramage (1989), 239 Mont. 292, 779 P.2d 913, this Court stated:

> Questions of admissibility of evidence are left largely to the discretion of the trial court which will be overturned only in cases of manifest abuse of discretion. [Citations omitted.] Zugg, 779 P.2d at 916.

The trial court did not abuse its discretion by excluding non-probative testimony. Further, Titeca fails to show the ruling

3

prejudiced his case. Without providing specific examples of how this exclusion "impaired interaction" between himself and his witnesses or caused the jury to draw "erroneous conclusions . . . concerning the importance of the testimony" we refuse to disturb the District Court's ruling on this issue.

We conclude that the District Court did not abuse its discretion and hold the District Court correctly prohibited the plaintiff from referring to the prior trial in justice court.

II

Did the District Court commit reversible error by refusing Titeca's proposed jury instruction?

Titeca's proposed jury instruction # 5 stated:

> You are instructed that a company engaged in furnishing electricity to consumers is without authority to continue the flow of electricity beyond a reasonable time to do so after the termination of a contractual relationship.

Appellant relies on Pacific Brick v. So. Cal. Edison, (Cal. App. 1941), 116 P.2d 131, as authority for the above instruction. The court refused this instruction on the grounds that Titeca presented no evidence to the jury that Ravalli Electric ever received a request to terminate the electricity supply.

We agree with the District Court and hold that the District Court did not commit reversible error by refusing Titeca's proposed jury instruction.

We affirm and award defendant Ravalli Electric its costs on appeal.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

4

precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5

November 5, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


ROBERT B. BROWN
Attorney at Law
3556 Baldwin Road
Stevensville, MT  59870

Joe Seifert, Esq.
GOUGH, SHANAHAN, JOHNSON & WATERMAN
P.O. Box 1715
Helena, MT  59624

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy