[Civ. No. 1307. Second Appellate District.—May 23, 1914.]

## S. D. MOORE et al., Respondents, v. CARL D. FREDERICKS et al., Appellants.

DAMAGES FOR BREACH OF CONTRACT—GENERAL AND SPECIAL DAMAGES DISTINGUISHED.—General damages for a breach of contract are those which necessarily and by implication of law result from the act or default complained of; they are those which involve the loss which naturally flows from, and is presumed from, the contract and its breach. Special damages are the natural, but not necessary, result of the act complained of.

ID.—BREACH OF CONTRACT TO CONVEY LAND — SPECIAL DAMAGES — PLEADING.—Damages due to expenses incurred in examining the title and preparing necessary papers do not necessarily arise from the breach of a contract to convey real estate; they are special, and in order to recover therefor the fact that such expenses were incurred and the amount thereof must be specially pleaded.

ID.—GENERAL ALLEGATION OF DAMAGES—SUFFICIENCY OF COMPLAINT.—But it is not necessary, in an action to recover damages for a breach of a contract to convey real estate, where the consideration therefor has been paid, and where there are no allegations of any expenses

incurred in examining the title or preparing the necessary papers, or showing of bad faith under which a recovery might be had for the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, to allege special damages, since from such breach damage follows not only as the natural but presumably necessary result thereof.

ID.—VALUE OF LAND—FAILURE TO ALLEGE—DEMURRER TO COMPLAINT.— Such complaint, by reason of not stating the value of the land conveyed, may be subject to special demurrer for uncertainty, but the defect is not reached by general demurrer.

ID.—DEMAND FOR REPAYMENT AND RECONVEYANCE—FAILURE TO ALLEGE. The complaint in such case is not insufficient by reason of the failure to allege a demand for a reconveyance of the property and the return of money paid, and refusal on the part of the defendants so to do.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Cyril H. Bretherton, for Appellants.

A. J. Mitchell, for Respondents.

SHAW, J.—Action to recover damages for breach of contract whereby defendants agreed to convey real estate to plaintiffs.

Defendants appeal upon the judgment-roll from a judgment by default in favor of plaintiffs, entered after the overruling of defendants' general demurrer to the complaint.

The complaint alleged the making of a written contract between the parties whereby plaintiffs agreed to convey to defendants certain real estate and to pay them one hundred dollars in cash, and defendants on their part agreed to convey to plaintiffs certain lands fully described therein; that plaintiffs on their part fully complied with the terms of the contract by paying the one hundred dollars and conveying to defendants the lands as required by the agreement; that defendants on their part made default in the performance of the contract in that they neglected and failed to convey to plaintiffs the lands so agreed by them to be conveyed; that by reason of defendants' breach in the performance of the terms

of said contract, plaintiffs are damaged in the sum of two thousand dollars, for which sum they prayed judgment.

Appellants insist the complaint fails to state a cause of action, and hence the court erred in overruling the demurrer interposed thereto. In addition to the making of the contract and the breach thereof by defendants, as shown by the complaint, it is alleged that by reason of such breach plaintiffs have been damaged in the sum of two thousand dollars, for which judgment is demanded. . While appellants concede the sufficiency of these allegations in stating a cause of action for the recovery of general damages, they insist that any damages resulting from breach of the contract must necessarily have been special in their nature. "General damages are those which necessarily and by implication of law result from the act or default complained of." (8 Ency. of Law, p. 542.) Or, as said in *Wallace* v. *Ah Sam,* 71 Cal. 197, [60 Am. Rep. 534, 12 Pac. 46]), they are those which "involve the loss which naturally flows from, and is presumed from, the contract and its breach." Special damages are the natural, but not necessary, result of the act complained of. Section 3306 of the Civil Code, which declares a rule for the measure of damages in this character of actions, provides: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land." Damages due to expenses incurred in examining the title and preparing necessary papers in a given transaction and for which recovery may be had do not necessarily arise from the breach of a contract to convey real estate; hence they are special, and the fact that such expenses are incurred and the amount thereof, in order to recover therefor, must be specially pleaded. Not so, however, as to damages for failure to convey real estate where the consideration therefor has been paid. For such breach on the part of the one in default damage follows not only as the natural but presumably necessary result thereof. The fact that the statute prescribes a rule

for ascertaining the amount of such damages in no wise changes their general character. We may indulge in the presumption that plaintiffs in drawing their pleading had in mind the statute declaring the measure of their damage. It is not alleged that any expenses were incurred in examining the title or preparing the papers; nor are there any allegations showing bad faith under which a recovery might be had for the "difference between the price agreed to be paid and the value of the estate agreed to be conveyed," and hence we cannot assume that any part of the damage alleged to have been sustained was based upon the facts not alleged. The action, as stated in the complaint, was to recover the price paid, which, in this instance, was the value of plaintiffs' land so by them conveyed to defendants, plus the sum of one hundred dollars cash.

It is urged that the complaint fails to state how or in what manner plaintiffs have suffered damage in the sum of two thousand dollars. In reply to which it may be said that, while the complaint, by reason of not stating the value of the land conveyed by plaintiffs, might have been subject to a special demurrer for uncertainty in this respect, none was interposed and the defect, if such exists, is not reached by the general demurrer. The contention that the complaint is insufficient by reason of the fact that it fails to allege a demand for a reconveyance of their property and repayment of the one hundred dollars and refusal on the part of defendants so to do, is without merit.

Our conclusion is that the complaint stated a cause of action for the recovery of general damages only, in the sum of two thousand dollars, alleged to have resulted from defendants' breach of contract, and, since the facts alleged were not denied, it was the duty of the clerk, under the provisions of section 585 of the Code of Civil Procedure, upon entering default, to immediately enter judgment in accordance with the demand in the complaint.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.