[Civ. No. 21515. Second Dist., Div. Three. Apr. 4, 1956.]

CHARLES H. WHEELER, Appellant, v. HORTENSE H. OPPENHEIMER, as Executrix, etc., Respondent.

Clyde P. Harrell, Jr., for Appellant.

Leland & Plattner and N. Stanley Leland for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on an order sustaining a demurrer to the second amended complaint with leave to amend. Plaintiff declined to amend. █ Plaintiff also appeals from the order sustaining the demurrer and the order for dismissal after he failed to amend. These orders are nonappealable and the appeals therefrom will be dismissed. (*Berri* v. *Superior Court*, 43 Cal.2d 856, 860 [279 P.2d 8].)

The second amended complaint alleges: Plaintiff is a licensed building contractor. Bella Heller, now deceased, was a resident of the county of Los Angeles. Prior to July 11, 1951, plaintiff caused a residence to be constructed on described realty. After completion of the residence Bella Heller was indebted to plaintiff in the sum of $5,102.37. To evidence the indebtedness the deceased executed to plaintiff her promissory note dated July 11, 1951, for $5,102.37. On November 11, 1953, plaintiff and the deceased entered into a contract in writing whereby the deceased agreed to sell and plaintiff agreed to buy the property on which the residence had been constructed for $42,500. A copy of the contract is a part of the complaint as an exhibit. As additional compensation for the execution of the contract, plaintiff agreed with the deceased that he would cancel the indebtedness evidenced by the note on which $3,750 then remained unpaid. Plaintiff has performed all conditions of the contract on his

part to be performed; and is ready, willing, and able to complete the contract in accordance with its terms and conditions; and hereby offers to surrender the note for cancellation.

The second amended complaint alleges further: Bella Heller died November 13, 1953, and defendant Oppenheimer is the executrix of her will. On June 18, 1954, plaintiff caused to be filed with defendant a claim against the estate for $16,700. The claim was based on the damage sustained by plaintiff and not on the indebtedness evidenced by the note. A copy of the claim is part of the complaint as an exhibit. On information and belief, that defendant knew of the existence of the note and knew that part of the consideration for the contract was the cancellation of the note. On March 18, 1954, defendant refused to carry out the valid provisions of the contract and refused to convey the property, and in doing so acted in bad faith. On that date the reasonable market value of the property was $65,000. On July 2, 1954, defendant denied plaintiff's claim. Plaintiff sustained damage in the sum of $16,700.

The contract of November 11, 1953, contains this provision:

"If Seller does not complete sale it is agreed that she will pay all accured [sic] Costs and expenses, Seller only to be liable for such costs and expenses." The demurrer was sustained on the ground that by reason of this provision the only liability of the deceased was to repay to plaintiff his costs and expenses, none of which was alleged. Plaintiff contends the quoted provision is for liquidated damages and that it is void under sections 1670[1] and 1671[2] of the Civil Code. Defendant contends it is merely a limitation of liability.

 We think the provision was not intended to prescribe a definite liability, i.e., liquidated damages, but is a limitation on the maximum possible recovery for actual loss or damage alleged and shown by evidence. It imposes a limitation within which damages might be proved. The validity of the condition is not open to doubt.

The Restatement says:

"An agreement limiting the amount of damages recoverable

---

[1]Section 1670 reads: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

[2]Section 1671 reads: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

for breach is not an agreement to pay either liquidated damages or a penalty. Except in the case of certain public service contracts, the contracting parties can by agreement limit their liability in damages to a specified amount, either at the time of making their principal contract, or subsequently thereto. Such a contract does not purport to make an estimate of the harm caused by a breach; nor is its purpose to operate in terrorem to induce performance.'' (Rest., Contracts, § 339, com. g.) It is said that ''A limitation in a contract on the amount which may be recovered for breach thereof is not a provision for liquidated damages.'' (25 C.J.S. 682, § 113a.) Similar contractual limitations of liability have frequently been upheld. (Limitation of liability of warehousemen: *Hischemoeller* v. *National Ice etc. Storage Co.*, 46 Cal.2d 318 [294 P.2d 433]; *Taussig* v. *Bode & Haslett*, 134 Cal. 260 [66 P. 259, 86 Am.St.Rep. 250, 54 L.R.A. 774]. Limitation on liability of contract highway carrier: *Gardner* v. *Rich Mfg. Co.*, 68 Cal.App.2d 725 [158 P.2d 23]; cf. *Gardner* v. *Basich Bros. Const. Co.*, 44 Cal.2d 191 [281 P.2d 521]. Limitation of liability for defective articles sold: *United Iron Works* v. *Standard Brass Casting Co.*, 98 Cal.App. 517 [277 P. 183]; *Artukovich* v. *Pacific States etc. Pipe Co.*, 78 Cal.App.2d 1 [176 P.2d 962]. Limitation of liability of carrier for breach of obligation to deliver freight: *Pierce* v. *Southern Pac. Co.*, 120 Cal. 156 [47 P. 874, 52 P. 302, 40 L.R.A. 350]. Limitation of liability for mistake in listing name in phone directory: *Riaboff* v. *Pacific Tel. & Tel. Co.*, 39 Cal.App.2d Supp. 775 [102 P.2d 465]. Limitation in a lease of liability for damage caused by fire: *Stephens* v. *Southern Pac. Co.*, 109 Cal. 86 [41 P. 783]. Limitation of liability on baggage check for loss of checked baggage: *Cunningham* v. *International Committee of Y.M.C.A.*, 51 Cal.App. 487 [197 P. 140]. Limitation on liability of telegraph company for failure to send or error in sending a telegram or telegraphic money order: *Hart* v. *Western Union Tel. Co.*, 66 Cal. 579 [6 P. 637, 56 Am.Rep. 119]; *Redington* v. *Pacific P.T.C. Co.*, 107 Cal. 317 [40 P. 432, 48 Am.St.Rep. 132]; *Coit* v. *Western Union Tel. Co.*, 130 Cal. 657 [63 P. 83, 80 Am.St.Rep. 153, 53 L.R.A. 78]. Limitation of liability in insurance policy: *Dietlin* v. *Missouri State Life Ins. Co.*, 126 Cal.App. 15 [14 P.2d 331, 15 P.2d 188].)

The limitation of liability does not differ essentially from the measure of damages fixed by section 3306 of the Civil Code which says that the detriment caused by breach of an

agreement to convey an estate in real property is deemed to be the price paid and the expenses properly incurred in examining the title and preparing the necessary papers with interest thereon, but adding thereto, in case of bad faith, the difference between the contract price and the value of the property at the time of the breach, and the expenses incurred in preparing to enter upon the land.

The allegation that the executrix acted in "bad faith" in refusing to convey does not help the cause of action attempted to be alleged. The allegation is not one of an ultimate fact; it is a conclusion of law which tendered no issue. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659] ; *Vallindras* v. *Massachusetts etc. Ins. Co.,* 42 Cal.2d 149, 151 [265 P.2d 907] ; *Aurrecoechea* v. *Sinclair,* 60 Cal. 532, 548. *Cf. Shaw* v. *Union Escrow etc. Co.,* 53 Cal.App. 66, 70 [200 P. 25] ; *Moore* v. *Fredericks,* 24 Cal.App. 536, 539 [141 P. 1049].) "Many authorities hold that the question of 'bad faith' is a factual one. (*Hamaker* v. *Bryan,* 178 Cal. 128 [172 P. 391] ; 25 Cal.Jur. § 265, p. 817. It has likewise been held that a vendor is chargeable with bad faith, within the meaning of section 3306 of the Civil Code where, without just cause or excuse he refuses to perform the contract, or where, through his own negligence, he has put it out of his power to perform. But this is not true of one who contracts to convey but is unable to do so, notwithstanding his best efforts." (*Engasser* v. *Jones,* 88 Cal.App.2d 171, 177 [198 P.2d 546].) No facts are alleged from which it might be inferred that defendant without any just cause or excuse refused to convey. For aught that appears defendant, as executrix, may have had compelling reasons for refusing; or she may have exercised bad judgment, which is not bad faith. (*Estate of Baird,* 135 Cal.App.2d 343, 351 [287 P.2d 372].) We do not decide whether the claim filed by plaintiff was sufficient to permit a recovery on the note.

The appeals from the order sustaining the demurrer to the second amended complaint and from the order for dismissal are dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.