[L. A. No. 24608. In Bank. Nov. 14, 1958.]

WILLIAM V. SMITH, Appellant, v. KERN COUNTY LAND COMPANY (a Corporation), Respondent.

Oscar F. Catalano for Appellant.

Borton, Petrini, Conron & Brown, P. R. Borton and R. D. Patterson, Jr., for Respondent.

SPENCE, J.—Plaintiff appeals from a judgment of dismissal in an action for damages for personal injuries. Defendant's general and special demurrer to the first amended complaint had been sustained with leave to amend, but plaintiff elected to stand on his pleading.

The principal question is whether the amended complaint stated a cause of action or, more precisely, whether plaintiff sufficiently alleged his status as an invitee. On appeal from a judgment entered on demurrer, the allegations of the complaint must be liberally construed with a view to substantial justice between the parties (Code Civ. Proc., § 452),

the complaint must be reasonably interpreted and read as a whole, and any defects therein which do not affect the substantial rights of the parties should be disregarded. (Code Civ. Proc., § 475; see *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867]; *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 288 [295 P.2d 113]; *Toney* v. *Security First Nat. Bank,* 108 Cal.App.2d 161, 167 [238 P.2d 645]; *Gerritt* v. *Fullerton U.H. School Dist.,* 24 Cal.App.2d 482, 486 [75 P.2d 627].) In line with these rules, we have concluded that plaintiff's pleading stated a cause of action against defendant.

The amended complaint alleged that plaintiff, a county employee, was using heavy excavating equipment on defendant's property to remove certain trees, roots, and stumps. The trees grew on a right-of-way owned by the county; the roots extended into defendant's adjoining property. On defendant's land, a blade on plaintiff's equipment struck a buried pipeline containing highly combustible fluids. In the resulting explosion, plaintiff was injured. He alleged that the proximate cause of the injury was defendant's negligent failure to advise the county and its employees of the presence of the pipeline or of the dangerous substances it carried.

The amended complaint further alleged that defendant and the county "desired and wished" the trees, roots, and stumps to be removed, and that several days before the accident defendant "gave permission" to the county and its employees to enter upon the land for that purpose.

Defendant claims that the complaint shows only that plaintiff was a licensee, "a person whose presence is not invited but merely tolerated." (*Laidlaw* v. *Perozzi,* 130 Cal.App.2d 169, 171, 172.) In particular, it relies on *Fisher* v. *General Petroleum Corp.,* 123 Cal.App.2d 770 [267 P.2d 841], which it claims involved an identical factual situation. In the Fisher case, plaintiff's decedent was injured when the blade of his bulldozer struck a buried bull plug attached to a pipeline containing combustible fluids. Defendant had given a "right of way" to a gas company; decedent was an employee of an independent contractor hired by the gas company to excavate and lay pipe. In reversing the judgment for damages, the court held: "Mere permission of an owner . . . to enter and use a certain portion of the premises is indicative of a license merely and not of an invitation. . . . [T]here was no duty devolving upon defendants to inform Mr. Fisher of the bull plug which was the cause of the accident for the reason that the only relationship between him and defendants was that

of licensee and licensor. . . . [T]he mere fact of their tolerance and acquiescence in his presence on the right of way as a licensee did not constitute an invitation express or implied. Therefore since none of defendants wantonly or wilfully inflicted injury upon decedent no liability attaches to them for the unfortunate injury which resulted in his death." (Pp. 778-780.)

But plaintiff here has pleaded more than the "mere permission" present in the Fisher case. He also alleged that defendant "desired and wished" the roots to be removed. ■ "It is the purpose for which a person is upon the premises of another which renders him an invitee rather than a licensee." (*Popejoy* v. *Hannon*, 37 Cal.2d 159, 169 [231 P.2d 484].) ■ In general, a visitor is considered an invitee where the purpose of his visit is not merely his own pleasure or benefit but one of common interest and mutual advantage to the parties. (*Ashley* v. *Jones*, 126 Cal.App.2d 328, 332 [271 P.2d 918] ; *Aguilar* v. *Riverdale C. C. Assn.*, 104 Cal. App. 263, 266 [285 P. 889].) From "desired and wished" it reasonably appears that plaintiff entered upon defendant's land to do work which was of common interest and mutual advantage to defendant and the county.

■ This allegation is not, as defendant contends, a mere conclusion of law. The cases it relies on are readily distinguishable. *Wheeler* v. *Oppenheimer*, 140 Cal.App.2d 497 [295 P.2d 128], held only that the technical term "bad faith" was a conclusion of law. *Faulkner* v. *California Toll Bridge Authority*, 40 Cal.2d 317 [253 P.2d 659], held to be legal conclusions the allegations that an investigation was "insufficient" and that acts were "arbitrary, capricious, fraudulent, wrongful and unlawful." The applicability of each of these words depends on more than, as in the case at bar, the mere presence of a state of mind. While plaintiff's complaint is not a model, we have concluded, as above indicated, that under our liberal rules of pleading the allegations reasonably showed that the work was to be done in the common interest and for the mutual benefit of the parties.

■ Therefore it was defendant's duty to "use reasonable care to keep his premises in a reasonably safe condition and give warning of latent or concealed perils." (*Pauly* v. *King*, 44 Cal.2d 649, 653 [284 P.2d 487] ; *Brown* v. *San Francisco Ball Club, Inc.*, 99 Cal.App.2d 484, 486 [222 P.2d 19] ; see also *Raich* v. *Aldon Construction Co.*, 129 Cal.App.2d 278, 284-285 [276 P.2d 822] ; *Delk* v. *Mobilhomes, Inc.*, 118 Cal.App.2d

529, 531 [258 P.2d 75]; *Revels* v. *Southern Calif. Edison Co.*, 113 Cal.App.2d 673, 677-678 [248 P.2d 986].) ██ Plaintiff sufficiently alleged that defendant breached that duty by failing to warn him of the presence and contents of the underground pipeline. Accordingly, the first amended complaint alleged a cause of action.

Defendant also interposed a special demurrer on the grounds of uncertainty, ambiguity, and unintelligibility. The specific objections were that it did not appear from the amended complaint how or in what manner plaintiff entered the said premises other than as a licensee, how or in what manner defendant was negligent, or how or in what manner any such negligence caused injury to plaintiff. But these matters are alleged with sufficient particularity. ██ Even as against a special demurrer, a plaintiff is required only to "set forth in his complaint the essential facts of his case with reasonable precision and with particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action." (*Goldstein* v. *Healy*, 187 Cal. 206, 210 [201 P. 462]; see also *Miller* v. *Pacific Constructors, Inc.*, 68 Cal.App.2d 529, 539 [157 P.2d 57].) He need not particularize matters "presumptively within the knowledge of the demurring" defendant. (*Dumm* v. *Pacific Valves*, 146 Cal. App.2d 792, 799 [304 P.2d 738].)

The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer and grant a reasonable time within which defendant may answer if so advised.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

McComb, J., dissented.

Traynor, J., did not participate herein.