[Civ. No. 53054. Second Dist., Div. Two. Dec. 28, 1978.]

GRACE PENA, Plaintiff and Appellant, v.
SITA WORLD TRAVEL, INC., et al., Defendants and Respondents.

**COUNSEL**

Renzi & Kilbride and Fred Kilbride for Plaintiff and Appellant.

Hiestand & Bower, Robert B. Reagan, Dryden, Harrington & Swartz, Victoria G. Chaney and Dale B. Goldfarb for Defendants and Respondents.

**OPINION**

**FLEMING, J.**—Plaintiff Grace Pena appeals an order dismissing her 19th and 20th causes of action pursuant to the sustaining of defendants' demurrers thereto. We affirm the dismissal order.

In the summer of 1975, plaintiff went on a 10-day prepaid tour of Mexico. The tour had been arranged by Sita World Travel, Inc. (Sita) and sold to plaintiff by United Associated Tour and Travel Service (United), which allegedly remitted some of the payment to Sita. While traveling through Mexico, plaintiff was injured when a bus in which she was riding overturned. As a result of said injury, plaintiff and three other injured passengers filed suit against Sita, United, and the Automobile Club of Southern California, which had sold the tour to some of the other plaintiffs. The complaint in its second amended form set forth twenty causes of action, five per plaintiff, with plaintiff Grace Pena alleging: (16) negligence in the selection of the transportation to be used in Mexico, and in defendants' failure to warn of a Mexican law limiting recovery of damages in accidents such as the one at bench; (17) and (18) intentional misrepresentations as to the safety of the transportation selected; (19) strict liability in tort; and (20) indemnification from United for failure to warn of Sita's disclaimer clause. General demurrers were sustained as to the 19th and 20th causes of action and plaintiff then voluntarily dismissed the 16th, 17th, and 18th causes of action. This appeal is taken from the ensuing dismissal of plaintiff's 19th and 20th causes of action.

## DISCUSSION

■ The function of a demurrer is to test the sufficiency of a complaint as a matter of law and absent clear error or abuse of discretion by the trial court, the order of dismissal following the sustaining of the demurrer will be affirmed on appeal. (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 610-11 [116 Cal.Rptr. 919].)

1. *Strict Liability.* ■ In California, to state a cause of action for strict liability in tort, plaintiff must allege that her injury was caused by a defective product. (*Shepard* v. *Alexian Brothers Hosp.* (1973) 33 Cal.App.3d 606, 608-09 [109 Cal.Rptr. 132]; *Barton* v. *Owen* (1977) 71 Cal.App.3d 484, 498 [139 Cal.Rptr. 494].) The courts of this state have repeatedly refused to extend this doctrine to the sale of services such as the guidance of others in their economic, financial, or personal affairs. (*Gagne* v. *Bertran* (1954) 42 Cal.2d 481, 487 [275 P.2d 15]; *Carmichael* v. *Reitz* (1971) 17 Cal.App.3d 958, 978 [95 Cal.Rptr. 381]; *Shepard* v. *Alexian Brothers Hosp., supra,* pp. 613-14.) The guidance of others in their personal affairs is precisely what the defendants at bench were doing. Defendant travel agencies in selecting and coordinating transportation, accommodations, and meals for prospective travelers were clearly performing a service, and the fact that these arrangements were presented

in the form of a "package tour" does not change the nature of defendants' activities.

2. *Indemnification.* ■ Plaintiff asserts that if the disclaimer of liability appearing on Sita's brochure is effective to relieve Sita of liability, then United's failure to alert plaintiff to the presence of the clause entitles plaintiff to indemnification from United for any damages Sita would otherwise be required to pay. Ordinarily, the doctrine of equitable implied indemnification is invoked to shift the loss from a party who, without active fault, is required by law to pay damages occasioned by the negligence of a second party to the second party, whose negligence was the primary cause of plaintiff's injury. (*Taggart* v. *State of California* (1975) 45 Cal.App.3d 768, 770-72 [119 Cal.Rptr. 696].) However, a right to indemnification may also exist in certain other cases where one has breached a duty owing by him to the plaintiff. (*Alisal Sanitary Dist.* v. *Kennedy* (1960) 180 Cal.App.2d 69, 75-76 [4 Cal.Rptr. 379]; *Card Const. Co., Inc.* v. *Ledbetter* (1971) 16 Cal.App.3d 472, 477 [94 Cal.Rptr. 570].) But a travel agency has no duty to warn of another's disclaimer clause and the doctrine is not applicable here.

3. *Mexican Shield Law.* In her 16th cause of action plaintiff alleged that the defendants were negligent in failing to warn of the Mexican Civil Code section limiting the amount of recoverable damages in accidents such as the one at bench. Plaintiff voluntarily dismissed that cause of action and the allegations contained therein are not before us.

The order is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 21, 1979.