216 Cal.App.3d 340 (1989)
264 Cal. Rptr. 673
PATRICIA PIERSON, Plaintiff and Appellant,
v.
SHARP MEMORIAL HOSPITAL, INC., Defendant and Respondent.
Docket No. D008093.
Court of Appeals of California, Fourth District, Division One.
December 1, 1989.
*341 COUNSEL
Gattis & Cote, Richard E. Gattis, Steven J. Cote and Timothy A. Kuncz for Plaintiff and Appellant. *342 McInnis, Fitzgerald, Rees, Sharkey & McIntyre, Cary W. Miller and Cynthia J. Russell for Defendant and Respondent.
OPINION
KREMER, P.J.
Plaintiff Patricia Pierson appeals from a judgment favoring defendant Sharp Memorial Hospital, Inc. (Sharp), after the court granted Sharp's motion to strike Pierson's claim for strict liability. Pierson contends the court erred in not extending the doctrine of strict liability to injuries resulting from latent defects in hospital premises. We affirm.

I

SUPERIOR COURT PROCEEDINGS
In April 1984 Pierson sued Sharp for negligence and strict liability. Pierson's complaint sought recovery for damages incurred from a fall caused by an allegedly defective carpet during her visit to her husband's hospital room at Sharp.
After Pierson rested her case at trial, the court granted Sharp's motion to strike her strict liability cause of action and granted Sharp's motion for nonsuit on her negligence claim. The court entered judgment favoring Sharp; Pierson appeals.[1]

II

DISCUSSION

A
(1) Preliminarily, we note a motion to strike is generally used to reach defects in a pleading which are not subject to demurrer. A motion to strike does not lie to attack a complaint for insufficiency of allegations to justify relief; that is a ground for general demurrer. (Warren v. Atchison, T. & S.F. Ry. Co. (1971) 19 Cal. App.3d 24, 41 [96 Cal. Rptr. 317].) (2) A motion for judgment on pleadings is made on the same grounds and decided on the same basis as a general demurrer; judgment on the pleadings will be granted if the complaint on its face fails to state a cause of action. (Hughes v. *343 Western MacArthur Co. (1987) 192 Cal. App.3d 951, 954-955 [237 Cal. Rptr. 738].)
(3) Sharp's motion, while labeled a motion to strike, attacked Pierson's strict liability claim on the ground it failed to state facts sufficient to constitute a cause of action. Sharp's motion effectively sought judgment on the pleadings. We deem the court's order to grant judgment on the pleadings.

B
(4) Where a defective or dangerous product causes personal injury, death or property damage to a foreseeable user or consumer, one who is engaged in the business of manufacturing or selling products for use or consumption and who placed the defective or dangerous product on the market, knowing it was to be used without inspection for defects, will be held strictly liable in tort. (Greenman v. Yuba Power Products, Inc. (1963) 59 Cal.2d 57, 63 [27 Cal. Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]; see also 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 578, p. 617.)
In Becker v. IRM Corp. (1985) 38 Cal.3d 454, 464 [213 Cal. Rptr. 213, 698 P.2d 116, 48 A.L.R.4th 601], the Supreme Court held "a landlord engaged in the business of leasing dwellings is strictly liable in tort for injuries resulting from a latent defect in the premises when the defect existed at the time the premises were let to the tenant." The court stated: "Landlords are an integral part of the enterprise of producing and marketing rental housing." (Id. at p. 466.) (5a) Pierson seeks to extend the holding of Becker to encompass injuries resulting from latent defects in hospital premises. Pierson contends Sharp should be held strictly liable because hospitals are part of the enterprise of producing and marketing hospital rooms to the public. We disagree.
In Becker v. IRM Corp., supra, 38 Cal.3d at page 462, the court indicated it extended strict tort liability to injuries suffered by a residential tenant caused by a latent premises defect because of its earlier holdings residential leases contain an implied warranty of habitability. (Muro v. Superior Court (1986) 184 Cal. App.3d 1089, 1095 [229 Cal. Rptr. 383].) In Muro the court stated the holding in Becker essentially "established a cause of action against a residential landlord for strict liability in tort based upon the breach of the implied warranty of habitability." (Muro v. Superior Court, supra, at p. 1096.) In Muro the court declined to extend strict tort liability to lessors of commercial and industrial property. The court in Muro concluded "Becker was intended to be restricted to landlords of residential property. There is no public policy rationale warranting the extension of Becker beyond its obvious intent." (Muro v. Superior Court, supra, at *344 p. 1098.) Similarly, we find no reason to extend Becker to a hospital providing a room as an integral part of its delivery of professional medical services.

C
The parties appropriately frame the issue as whether Sharp provided a product or service as they recognize strict tort liability case law has distinguished provision of services from provision of products.
(6) The doctrine of strict liability in tort applies to producing and marketing enterprises responsible for placing products in the stream of commerce. (Greenman v. Yuba Power Products, Inc., supra, 59 Cal.2d at p. 63.) Where purchase of a product is the primary objective or essence of the transaction, strict liability applies even to those who are mere conduits in distributing the product to the consumer. (Carmichael v. Reitz (1971) 17 Cal. App.3d 958, 978 [95 Cal. Rptr. 381].)
Courts have not extended the doctrine of strict liability to transactions whose primary objective is obtaining services. (Murphy v. E.R. Squibb & Sons, Inc. (1985) 40 Cal.3d 672, 677 [221 Cal. Rptr. 447, 710 P.2d 247]; Gagne v. Bertran (1954) 43 Cal.2d 481, 487 [275 P.2d 15]; Carmichael v. Reitz, supra, 17 Cal. App.3d at p. 978.) Courts have also declined to apply strict liability where the transaction's service aspect predominates and any product sale is merely incidental to the provision of the service. (Silverhart v. Mount Zion Hospital (1971) 20 Cal. App.3d 1022, 1027-1028 [98 Cal. Rptr. 187, 54 A.L.R.3d 250].)
In applying the doctrine of strict liability courts have recognized "`that the essence of the transaction between the retail seller and the consumer relates to the article sold. The seller is in the business of supplying the product to the consumer.'" (Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d at pp. 1026-1027, italics in original, citing Magrine v. Krasnica (1967) 94 N.J. Super. 228 [227 A.2d 539, 543].) Cases imposing strict liability on entities characterized as integral components of enterprises placing defective products into the stream of commerce include Price v. Shell Oil Co. (1970) 2 Cal.3d 245 [85 Cal. Rptr. 178, 466 P.2d 722] (gasoline truck bailor; Vandermark v. Ford Motor Co. (1964) 61 Cal.2d 256 [37 Cal. Rptr. 896, 391 P.2d 168] (automobile retailer); Garcia v. Halsett (1970) 3 Cal. App.3d 319 [82 Cal. Rptr. 420] (washing machine licensor); McClaflin v. Bayshore Equipment Rental Co. (1969) 274 Cal. App.2d 446 [79 Cal. Rptr. 337] (stepladder lessor); Kriegler v. Eichler Homes, Inc. (1969) 269 Cal. App.2d 224 [74 Cal. Rptr. 749] (developer of mass produced homes *345 with defective heating system); Barth v. B.F. Goodrich Tire Co. (1968) 265 Cal. App.2d 228 [227 A.2d 539] (tire distributor).
In Gagne v. Bertran, supra, 43 Cal.2d at page 489, the Supreme Court stated: "The services of experts are sought because of their special skill. They have a duty to exercise the ordinary skill and competence of members of their profession, and a failure to discharge that duty will subject them to liability for negligence. Those who hire such persons are not justified in expecting infallibility, but can expect only reasonable care and competence. They purchase service, not insurance." Cases declining to impose strict liability on service providers include Murphy v. E.R. Squibb & Sons, Inc., supra, 40 Cal.3d 672 (pharmacist); Pena v. Sita World Travel, Inc. (1978) 88 Cal. App.3d 642 [152 Cal. Rptr. 17] (travel agent); Shepard v. Alexian Brothers Hosp. (1973) 33 Cal. App.3d 606 [109 Cal. Rptr. 132] (hospital furnishing blood to patients); Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d 1022 (hospital furnishing surgical needle to surgeon); Carmichael v. Reitz, supra, 17 Cal. App.3d 958 (physician prescribing medication); Gautier v. General Telephone Co. (1965) 234 Cal. App.2d 302 [44 Cal. Rptr. 404] (communications services); Lindner v. Barlow, Davis & Wood (1962) 210 Cal. App.2d 660 [27 Cal. Rptr. 101] (accountant); Roberts v. Karr (1960) 178 Cal. App.2d 535 [3 Cal. Rptr. 98] (surveyor); Bonadiman-McCain, Inc. v. Snow (1960) 183 Cal. App.2d 58 [6 Cal. Rptr. 52] (engineer); Pancoast v. Russell (1957) 148 Cal. App.2d 909 [307 P.2d 719] (architect).
We discern from these cases a fundamental and reasonable basis for imposing strict tort liability on persons providing products but not upon those rendering services. A product is a physical article which results from a manufacturing process and is ultimately delivered to a consumer. A defect in the article even if initially latent is ultimately objectively measurable. On the other hand, a service is no more than direct human action or human performance. Whether that performance is defective is judged by what is reasonable under the circumstances and depends upon the actor's skill, judgment, training, knowledge and experience. (Murphy v. E.R. Squibb & Sons, Inc., supra, 40 Cal.3d at p. 677; Shepard v. Alexian Brothers Hosp., supra, 33 Cal. App.3d at p. 611; Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d at p. 1027, Carmichael v. Reitz, supra, 17 Cal. App.3d at p. 978.) In light of the infinite subtle nuances of human performance, the law reasonably imposes only a standard of negligence rather than strict liability in the provision of human services.
(5b) Accordingly, we proceed to determine whether Sharp's provision of a hospital room is properly categorized a product or a service.

*346 D
Our conclusion Sharp may not be held strictly liable in tort is consistent with case law characterizing hospitals as providers of professional medical services rather than producers or marketers of products. (Hector v. Cedars-Sinai Medical Center (1986) 180 Cal. App.3d 493 [225 Cal. Rptr. 595]; Shepard v. Alexian Brothers Hosp., supra, 33 Cal. App.3d 606; Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d 1022; Carmichael v. Reitz, supra, 17 Cal. App.3d 958.) "The essence of the relationship between a hospital and its patients does not relate essentially to any product or piece of equipment it uses but to the professional services it provides." (Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d at p. 1027.) "[T]hose who sell their services for the guidance of others in their economic, financial, and personal affairs are not liable in the absence of negligence or intentional misconduct." (Carmichael v. Reitz, supra, 17 Cal. App.3d at p. 978, citing Gagne v. Bertran, supra, 43 Cal.2d at p. 487; also Murphy v. E.R. Squibb & Sons, Inc., supra, 40 Cal.3d at p. 677; Hector v. Cedars-Sinai Medical Center, supra, 180 Cal. App.3d at pp. 501-502; Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d at p. 1028.)
"[T]he hospital, dentist and doctor are not in the business of selling drugs or devices; they use the products in the course of treatment, and furnishing services to the patient does not depend upon selling a product. [Citation.]" (Hector v. Cedars-Sinai Medical Center, supra, 180 Cal. App.3d at p. 502, italics in original.) "It needs no extended discussion to perceive that a hospital is primarily devoted to the care and healing of the sick.... [A hospital's] paramount function [is to furnish] trained personnel and specialized facilities in an endeavor to restore the patient's health.... The patient who enters a hospital goes there ... to ... obtain a course of treatment [citations]." (Shepard v. Alexian Brothers Hosp., supra, 33 Cal. App.3d at p. 611, cited with approval Hector v. Cedars-Sinai Medical Center, supra, 180 Cal. App.3d at p. 502.)[2]
A hospital "is engaged in the process of providing everything necessary to furnish the patient with a course of treatment." (Hector v. Cedars-Sinai Medical Center, supra, 180 Cal. App.3d at p. 506.) A patient's room is part of the specialized facilities enabling the patient to receive 24-hour nursing *347 care and immediate access to other vital medical services. (Cedars of Lebanon Hosp. v. County of L.A., supra, 35 Cal.2d at p. 735.) The room is an integral component of the professional medical services hospitals provide. (Cf. Silverhart v. Mount Zion Hospital, supra, 20 Cal. App.3d at p. 1027.)
The superior court properly declined to permit Pierson to proceed against Sharp in strict liability.

DISPOSITION
The judgment is affirmed.
Todd, J., and Huffman, J., concurred.
NOTES
[1] Pierson's appeal challenges only the ruling on her strict liability cause of action. She does not attack the nonsuit on negligence.
[2] In Cedars of Lebanon Hosp. v. County of L.A. (1950) 35 Cal.2d 729, 735 [221 P.2d 31, 15 A.L.R.2d 1045], the court noted a "fair and unchallenged description" of a hospital's nature: "`A hospital is primarily a service organization. It serves three groups: the patients, its doctors, and the public. It furnishes a place where the patient, whether poor or rich, can be treated under ideal conditions. It makes available room, special diet, X-ray, laboratory, surgery, and a multitude of other services and equipment now available through the advances of medical science.'" (Italics added.)