[No. D015233. Fourth Dist., Div. One. Dec. 20, 1991.]

ERNEST W. HAHN, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ROBERT A. MARTIN et al., Real Parties in Interest.

COUNSEL

Lincoln & Gustafson, Theodore R. Cercos and Teresa Dwyer-Beck for Petitioners.

No appearance for Respondent.

Pettersen & Bark and David Z. Bark for Real Parties in Interest.

OPINION

NARES, J.—Petitioner Ernest W. Hahn, Inc., doing business as The Hahn Company, and Horton Plaza Associates (collectively Hahn) seek a peremp-

tory writ of mandamus to compel the court to vacate its order denying Hahn's demurrer to Robert A. Martin (Martin) and Clifton J. Rogers's (Rogers) cause of action for strict liability. Because we conclude a strict liability theory is inapplicable to the facts of this case, we grant the petition.

## Factual and Procedural Background

According to the first amended complaint,[1] Martin and Rogers sustained personal injuries while they were seated at a table outside the Farmer's Market in the courtyard at Horton Plaza. The injuries occurred when a palm tree or a giant bird of paradise tree fell on them as they ate lunch purchased from the Farmer's Market. Hahn owns Farmer's Market and Horton Plaza and provided the tables and chairs for use of the public.

Martin and Rogers filed separate actions for negligence that were consolidated for trial. By the first amended complaint they added a cause of action for strict liability to which Hahn demurred. The court overruled the demurrer and these proceedings ensued. The trial was stayed by this court.

## Discussion

The sole issue before this court is whether Hahn may be held strictly liable in tort for injuries suffered by Martin and Rogers. Traditionally, the doctrine of strict liability has been applied to producing and marketing enterprises responsible for placing products in the stream of commerce. (*Greenman v. Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 62-63 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) With respect to premises liability, however, the proper test to be applied is whether the landowner in the management of his property "has acted as a reasonable man in view of the probability of injury to others . . . ." (*Rowland v. Christian* (1968) 69 Cal.2d 108, 119 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) Insofar as an invitee is concerned, the applicable general principle is that the possessor of the property is not an insurer of the invitee's safety, but must use reasonable care to keep the premises in a reasonably safe condition and warn of any latent or concealed peril. (*Smith v. Kern County Land Co.* (1958) 51 Cal.2d 205, 208 [331 P.2d 645]; *Brown v. San Francisco Ball Club* (1950) 99 Cal.App.2d 484, 486 [222 P.2d 19].)

Under the facts alleged, Martin and Rogers were invitees having come onto the premises by express or implied invitation for Hahn's advantage. (See *Beauchamp v. Los Gatos Golf Course* (1969) 273 Cal.App.2d 20,

---

[1]In testing the sufficiency of the first amended complaint we accept as true all material allegations therein. (*J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 803 [157 Cal.Rptr. 407, 598 P.2d 60].)

27 [77 Cal.Rptr. 914].) Accordingly, liability would normally be based upon the principle expressed in *Brown* v. *San Francisco Ball Club, supra.*

Martin and Rogers, relying on *Becker* v. *IRM Corp.* (1985) 38 Cal.3d 454 [213 Cal.Rptr. 213, 698 P.2d 116], contend the general fault-based rule should not apply. In *Becker,* a tenant was injured when he fell against an untempered glass shower door in his apartment. The *Becker* court relied upon the special relationship between the landlord and tenant and upon the implied warranty of habitability when it modified traditional premises liability standards and extended the doctrine of strict liability to the residential landlord-tenant relationship. The court stated "In these circumstances, strict liability in tort for latent defects existing at the time of renting must be applied to insure that the landlord who markets the product bears the cost of injuries resulting from the defects 'rather than the injured persons who are powerless to protect themselves.' " (*Becker* v. *IRM Corp., supra,* 38 Cal.3d at p. 465.)

Hahn citing *Muro* v. *Superior Court* (1986) 184 Cal.App.3d 1089 [229 Cal.Rptr. 383] and *Pierson* v. *Sharp Memorial Hospital, Inc.* (1989) 216 Cal.App.3d 340 [264 Cal.Rptr. 673] argues that courts have refused to extend the *Becker* rationale beyond the residential landlord-tenant relationship. In *Muro* the court refused to extend strict liability to apply to a commercial landlord when an employee of a commercial tenant was injured on the premises, while in *Pierson,* this court refused to extend the *Becker* rationale to apply to the owner of a hospital premises for injuries resulting from latent defects in a hospital room. Martin and Rogers distinguish *Muro,* the court there having refused to extend strict liability because the commercial tenant is in control of the premises and is in an equal position to the commercial landlord to inspect and repair defects on those premises.[2] Martin and Rogers likewise distinguish *Pierson* because there the court simply found the hospital room to be part of a "service package" being provided and not subject to the strict liability umbrella. Martin and Rogers contend the *Becker* rationale rather than that of *Muro* and *Pierson* should apply here since they, like residential tenants, are powerless to protect themselves against latent defects existing on Hahn's property and Hahn, like the residential landlord, is in a better position to inspect for such defects on his premises and to bear the costs for injuries caused by those defects.

We agree with Martin and Rogers that *Muro* and *Pierson* are distinguishable. However, we disagree with Martin and Rogers's contention that a

[2]We reject Martin and Rogers's argument that the *Muro* court recognized that had the plaintiff in that case been injured in a common area controlled by the landlord, a cause of action for strict liability would have been "more likely to follow." Rather the dicta referred to dealt with whether a residential landlord could be held strictly liable for injury caused by a latent defect in the common area of an apartment house. (See *Muro* v. *Superior Court, supra,* 184 Cal.App.3d at p. 1093, fn. 1.)

commercial invitee should be extended the same protection as a residential tenant. There is no basis to extend the *Becker* rationale to commercial premises liability. The facts that were so crucial to the *Becker* analysis are not present here. In *Becker*, the extension of strict liability to owners of residential housing was founded upon the theory of an implied warranty of habitability and the need to provide safe, urban housing to the public. (*Becker* v. *IRM Corp.*, *supra*, 38 Cal.3d at pp. 462-465.) Hahn is not in the business of leasing residential property to the general public. Nor is it a producer or distributor of goods, placing its product in the stream of commerce. Instead, it is a commercial landlord holding its premises open to the public. In essence, Martin and Rogers urge the application of strict liability in tort for all invitees to the common areas of every commercial establishment, be it a supermarket, a restaurant, a theater or a department store, and the abolishment of the traditional requirement of some measure of fault for the imposition of liability. *Becker* does not require or portend such a comprehensive change in the law.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

### DISPOSITION

Let a peremptory writ issue directing the court to vacate its order overruling Hahn's demurrer to the strict liability cause of action and to issue a new order sustaining the demurrer without leave to amend. The stay issued on September 4, 1991, is vacated upon issuance of the remittitur.

Kremer, P. J., and Froehlich, J., concurred.