Filed 9/8/14  Rodriguez v. Brown CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GILBERT RODRIGUEZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>EDMUND G. BROWN, JR., as Governor, etc.,<br><br>Defendant and Respondent. | F068327<br><br>(Super. Ct. No. 12CECG02848)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Gilbert Rodriguez, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Chief Assistant Attorney General, Kristin G. Hogue, Assistant Attorney General, Joel A. Davis and Brent W. Reden, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Gomes, J. and Franson, J.

Plaintiff Gilbert Rodriguez filed a complaint against the Governor in Fresno County Superior Court, alleging in substance that the Governor wrongfully allowed a number of proceedings to be decided against him in superior court. The superior court sustained the Governor's demurrer, explaining that (1) the court had no authority to review the results in cases previously decided by it; (2) the Governor never had any power to control the court's disposition of those proceedings; and (3) the court could not impose liability on the Governor for not doing what he had no power to do. We affirm.

## FACTS AND PROCEDURAL HISTORY

Rodriguez filed his complaint against Governor Brown and the State of California on September 7, 2012. He states in his brief that he later voluntarily dismissed the state, leaving only the Governor as defendant.

The complaint alleges causes of action for general negligence, intentional tort, and a conspiracy to "execute governance" by "means of fraud, malice and oppression." The object of the alleged conspiracy was to "persecute" Rodriguez for "filing a legal complaint petitioning the California County of Fresno Government for a redress of grievances." The complaint prays for damages of $10,462,909.65.

In 25 pages of discussion, the complaint appears to claim that a number of court cases went against Rodriguez because of general misconduct on the part of a miscellaneous group of government officials, government employees, attorneys, and litigants. Twenty-eight individuals are mentioned, including judges, members of the Fresno County Board of Supervisors, employees of the Fresno County District Attorney's office, police officers, attorneys, and others. Here is a sample of the language in which these arguments are made:

> "The explanation in the briefest, 'The Judicial' Infidel-Officers convinced me and I know it's true their Political Infidelity is the prevailing Truth in fact, and what We the People believe is the prevailing Political condition, you know 'Truth Justice & Faithful to the Law good Behavior,' is not the prevailing Truth in fact: that's the unfaithful Judicial Officers' secret ill-will Political-Lie in the California County of Fresno District'

2.

Judiciary. So professional courtesy is out, I tell the truth when it's insulting too because anyway it doesn't matter.' 'And because the People of the State of California have a Right to truly know the irresponsibility the political infidelity and the treacherous deceit that our Neighbors and Fellow Citizens who hold Public Office over us and Employment under the State of California are illegally exercising and executing.'"

Several cases to which Rodriguez was a party are mentioned in the complaint and attached documents. One case, *Rodriguez v. Willow Lake Apartments,* Superior Court Fresno County, filed January 6, 2004, case No. 04CECG00023, appears to have been a dispute between Rodriguez and his landlords. Another, *Rodriguez v. County of Fresno*, Superior Court Fresno County, filed October 7, 2011, case No. 11CECG03508, seems to have alleged misconduct by the county and the board of supervisors. *Rodriguez v. Rodriguez*, Superior Court Fresno County, case No. 0424050, was a family law proceeding between Rodriguez and his wife and involved child custody and visitation. *People v. Rodriguez*, Superior Court Fresno County, filed September 3, 2003, case No. F03905886-8, was a prosecution in which Rodriguez pleaded no contest to a criminal offense.

According to the complaint, these cases are all tied together by a wide-ranging conspiracy. Rodriguez attributes his legal troubles to the activities of a "Marxist Syndicate" and a "Professional feminists association" encompassing the superior court, the county government, and Rodriguez's former landlords.

There is no allegation that the Governor took any part in these alleged activities. The only reference to the Governor in the complaint (other than the naming of him as a defendant) is the statement that he is responsible for the faithful execution of the law.

The governor demurred. On June 13, 2013, after taking judicial notice of Rodriguez's prior cases, the trial court sustained the demurrer without leave to amend "on the grounds that the California Constitution forbids the Fresno Superior Court from deciding the issues raised by plaintiff." Judgment against Rodriguez was entered on July 5, 2013.

On September 19, 2013, the court granted a motion to vacate the judgment. Because of a clerical error, the court's computerized records appeared to indicate that entry of the court's order sustaining the demurrer took place before the hearing, leading to an appearance that the court ruled without considering oral argument. The court's order vacating judgment explained that this was not what actually happened. It then sustained the Governor's demurrer again, reiterating the reasons it had given before. It also re-entered judgment against Rodriguez. This appeal followed.

### *DISCUSSION*

In reviewing a judgment dismissing an action after a demurrer is sustained without leave to amend, we give the complaint a reasonable interpretation and assume that all properly pleaded facts in the complaint are true. We do not assume that the complaint's conclusions of law are true. We consider whether the complaint states a cause of action under any possible legal theory. If it does, or if there is a reasonable possibility of curing defects by amendment, we reverse. If any of the stated grounds of demurrer are well taken, however, we must affirm. (*Genesis Environmental Services v. San Joaquin Valley Unified Air Pollution Control Dist.* (2003) 113 Cal.App.4th 597, 603.) In short, a demurrer tests whether a complaint alleges facts which, if true, would be grounds for imposing liability on the defendant.

The trial court's order, with which we agree, may be summarized thus: A party dissatisfied with a trial court's decisions cannot obtain relief from those decisions by suing the Governor. Consequently, the complaint pleads no facts which, if true, would be grounds for imposing liability on the Governor.

The trial court's analysis is careful and well-stated. We reproduce its essential points here:

> "In this case, plaintiff seeks to hold the Governor responsible for failing to oversee the Fresno Superior Court and the judges and other employees thereof, and for failing to halt the misconduct he describes in his pleading. This Court is not permitted to do that by the California Constitution.

4.

"Judges of the Superior Court are not permitted to preside over disputes about what a fellow judge of their own court should or should not do.… The law requires that **another** higher court completely separate from the Superior Court review any judgments made.…

"Nor can the Governor or the Legislature impose their will on a court which had jurisdiction of a case at the time it made the decision in question.… The California Constitution gives the Governor the power to appoint judges, but he cannot remove them or discipline them. [¶] That can be done only by the electorate or the Commission on Judicial Performance.… [¶] … [¶]

"The Governor is constitutionally prohibited from taking the actions plaintiff asserts that he should have taken to halt the judicial misconduct plaintiff[] discusses in his pleading. This Court is also constitutionally prohibited from deciding plaintiff's claim of judicial misconduct, and the Governor has no ability to provide the relief sought."

We would only add that, while the trial court correctly stated that a proper means of seeking relief from a trial court judgment is to file an appeal to a higher court, it did not mean Rodriguez could obtain relief from the judgments in his prior cases by filing his appeal in the present case. This appeal is from the judgment entered by the superior court in this case, and that judgment was free of error. We have no jurisdiction in this appeal to reverse judgments in other cases (and certainly none to require the awarding of damages because of the results in those other cases). Rodriguez appears to have misunderstood this point, saying in his opening brief that the trial court's "point of law" was that his allegations about misconduct by the superior court "needed to go to the Court of Appeal or the California Supreme Court." What the court meant was that any claims of error in his prior cases needed to be addressed by way of timely appeals in those cases. This is not such an appeal.

To the extent the complaint includes other allegations than the allegation that the superior court acted wrongly in Rodriguez's prior cases, we agree with the Attorney General that the demurrer was correctly sustained because the complaint is uncertain, ambiguous, or unintelligible within the meaning of Code of Civil Procedure

section 430.10, subdivision (f).  To select one example among many, the complaint contains this allegation:  "That Marxist Public corruption is organized & executed by the officially syndicated Hovannisian Marxist Syndicate that overlaps & is often 1/one and the same with the professional feminist association that is within & affiliated with the Fresno County Courthouse.  Individually and together these communist organizations are unfaithfully executing California Law and enforcing & protecting contrary to the United States Constitution authority."  Statements of this kind are subject to demurrer because they fail "'to acquaint the defendant of the nature, source, and extent of [the] cause of action.'"  (*Smith v. Kern County Land Co.* (1958) 51 Cal.2d 205, 209.)

Rodriguez's opening brief contains five "motion[s]":  (1) a "special motion for discovery" of "'the entire original record'" (apparently meaning the records of his prior cases); (2) a "law of the case motion" (capitalization omitted) seeking to call our attention to a certain case involving public nuisances; (3) a "motion to hear questions not presented by record on appeal" (capitalization omitted); (4) a "motion to treat this appeal case as a petition for extraordinary relief" (capitalization omitted); and (5) a "motion to definitively state the nature of this case is public prosecution and class action."  (Capitalization omitted.)

These motions are moot.  The trial court's judgment is correct in this case for the fundamental reasons we have discussed:  Suing the Governor is not a means legally available for obtaining relief from adverse court judgments; and the matters in the complaint other than Rodriguez's dissatisfaction with the judgments in his prior cases are uncertain, ambiguous, or unintelligible.  In light of these reasons, the granting of Rodriguez's motions would not have any effect on the outcome of this appeal.  The motions therefore are denied.

### *DISPOSITION*

The judgment is affirmed.  Defendant is awarded costs on appeal.

6.